**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1263

_____

CARLOS ALBERTO ERAZO-CABALLERO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-985-941)
Immigration Judge:  Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2022

_____

Before: SHWARTZ, MATEY, and FUENTES, Circuit Judges.

(Filed: December 7, 2022)

_____

OPINION*

_____

SHWARTZ, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Carlos Alberto Erazo-Caballero ("Erazo") petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his case sua sponte. For the reasons set forth below, we dismiss the petition for lack of jurisdiction.

I

A

Erazo, a native and citizen of Honduras, entered the United States in May 2005 without having been admitted or paroled. The Department of Homeland Security thereafter initiated removal proceedings against Erazo and served him with a Notice to Appear ("NTA") before an Immigration Judge ("IJ") at a time and date to be set. A subsequent notice ordered Erazo to appear on June 22, 2005. The hearing was rescheduled but Erazo failed to appear, and the IJ ordered him removed in absentia.

B

After Erazo was arrested in 2011, he filed a motion to reopen his removal proceedings, contending that he failed to appear at his removal hearing because his father failed to inform him of the hearing date. The IJ granted the motion to reopen, rescinded the removal order, and scheduled another removal hearing. Erazo failed to timely file an application for relief from removal, and the IJ accordingly determined that he had abandoned the opportunity to do so. The BIA reversed and remanded, finding that his counsel was ineffective in failing to timely file an application for relief. On remand, Erazo failed to appear for his hearing, and, in 2014, the IJ again ordered him removed in

2

absentia.

Three years later, Erazo filed a motion to reopen his case based on changed country conditions in Honduras, which the IJ denied and the BIA affirmed. Erazo filed a motion to reconsider with the BIA, in which he alleged for the first time that the NTA was defective because it omitted a date and time for the removal hearing and claimed that the IJ therefore lacked jurisdiction. The BIA denied the motion as both untimely and meritless. We denied his petition for review in part, holding that the BIA did not abuse its discretion in denying the motion, and dismissed it in part, concluding that his petition improperly asked us to consider his unexhausted cancellation of removal claim. Erazo-Caballero v. Att'y Gen., 810 F. App'x 89, 91 (3d Cir. 2020) (per curiam).

Thereafter, Erazo filed a motion to reopen his case sua sponte with the BIA, citing a change in the law that he asserted affected his eligibility for relief. Specifically, he argued that under Guadalupe v. Attorney General, 951 F.3d 161 (3d Cir. 2020), he could establish physical presence in the United States for the time-period needed to qualify for cancellation of removal and that he was entitled to such relief because his removal "would result in exceptional and extremely unusual hardship to [his] children." A.R. 16.

The BIA denied the motion, concluding that Erazo had failed to establish prima facie eligibility for cancellation of removal because he provided no "reason to hold that, if proceedings were reopened, there would be a reasonable probability he would demonstrate that his removal from this country would result in exceptional and extremely

3

unusual hardship to his United States citizen children." A.R. 4. The BIA also concluded that Erazo had not presented an "exceptional situation which warrants sua sponte reopening," and noted that he had not provided a reason for his failure to attend the hearing that led to his 2014 removal in absentia. A.R. 4.

Erazo petitions for review.

## II[1]

We generally lack jurisdiction to review BIA decisions denying motions to reopen sua sponte under 8 C.F.R. § 1003.2(a) because such rulings are "committed to the [BIA's] unfettered discretion." Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011).[2] There are two circumstances, however, where we have jurisdiction to review such orders. Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651 (3d Cir. 2017). The first is when the BIA's decision rests on an incorrect legal premise, in which case we may exercise jurisdiction and remand to the BIA to apply the correct legal framework. Id. (citing Pllumi, 642 F.3d at 160). The second arises when the petitioner shows that the BIA has "limited its discretion via a policy, rule, settled course of adjudication, or by some other method," and the BIA deviated from that "settled course." Id. at 653. Neither circumstance is present here.

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3).

[2] Under 8 C.F.R. § 1003.2(a), where a party files a motion to reopen that does not comply with the requirements in § 1003.2(c), the "decision to grant or deny a motion to reopen . . . is within the discretion of the Board."

A

First, the BIA did not apply the wrong legal standard when it assessed Erazo's motion to reopen his request for cancellation of removal.[3] A motion to reopen must establish "prima facie eligibility" for the relief sought. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). To demonstrate a prima facie case, an applicant must "produce objective evidence showing a 'reasonable likelihood' that he can establish" entitlement to relief. Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) (citation omitted).

The BIA applied the prima facie standard in denying his motion. It considered the application for cancellation of removal for nonpermanent residents that Erazo attached to his motion and determined that he failed to establish prima facie eligibility for such relief because he had not "articulated any reason to hold that, if proceedings were reopened, there would be a reasonable probability he would demonstrate that his removal from this country would result in exceptional and extremely unusual hardship to his United States citizen children." A.R. 4. The BIA did not require Erazo to conclusively establish exceptional and extremely unusual hardship to his children, but rather merely required

---

[3] Cancellation of removal for nonpermanent residents is available where an applicant can establish that he: (A) has been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; (B) has been a person of good moral character during such period; (C) has not been convicted of certain enumerated offenses; and (D) establishes that removal would result in "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

that he show a reasonable probability that such hardship would occur.[4]

Accordingly, the BIA applied the correct legal standard, so we have no basis to exercise jurisdiction to correct any incorrect legal premise.

B

Erazo has also not shown that the BIA has a settled course of reopening cases sua sponte. To invoke the "settled course" basis for our jurisdiction, a petitioner "must establish that the BIA has limited its discretion via a policy, rule, settled course of adjudication, or by some other method." Sang Goo Park, 846 F.3d at 653. A "'pattern' of dispositions whose contours are not clearly defined or which is not tailored to the petitioner's circumstances" is insufficient. Id. at 653-54 (rejecting the argument that the BIA had a pattern of reopening cases sua sponte based on one similar case and the absence of "obvious consistency" by the BIA in this area of its case law).

In an effort to show the BIA had a settled course of adjudication when faced with a change in law, Erazo provides seventeen BIA decisions falling into two categories: (1) decisions in which the BIA granted sua sponte reopening for individuals seeking cancellation of removal as a result of Pereira v. Sessions, 138 S. Ct. 2105 (2018), where

---

[4] Erazo's contention that the BIA's citation to Matter of J-J-G-, 27 I. & N. Dec. 808, 814-15 (BIA 2020), incorrectly raised the burden of proof is unfounded. The BIA cited Matter of J-J-G- in explaining that, to qualify for cancellation of removal, Erazo would have to demonstrate exceptional and extremely unusual hardship to his children. This simply cites the standard for cancellation of removal, but it does not show that the BIA failed to appreciate that on a motion to reopen, Erazo need only show he had a reasonable probability that he would qualify for cancellation of removal.

6

the Supreme Court held that a defective NTA did not trigger the cancellation of removal stop-time rule and (2) decisions in which the BIA granted sua sponte reopening where other changes in the law provided new grounds for relief.

These decisions are not tailored to Erazo's circumstances. Of the ten post-Pereira decisions involving a petitioner whose NTA did not stop the clock for calculating continuous presence in the United States and who sought cancellation of removal for nonpermanent residents under § 1229b(b), all but two found that the petitioner had made a prima facie showing of eligibility or that included an articulation of exceptional hardship to a family member. Although Erazo has demonstrated a change in the law under Pereira and our decision in Guadalupe concerning the "stop time rule," he has not demonstrated the existence of a separate required element: prima facie eligibility for relief. The remaining two cases, even if they were adequately tailored, are insufficient on their own to establish a settled course of adjudication limiting the BIA's discretion. See Sang Goo Park, 846 F.3d at 654 ("[O]ne favorable exercise of discretion does not a settled course make."). Accordingly, these decisions do not establish a settled practice from which the BIA departed.

The remaining seven decisions involve either a change in law unrelated to Pereira or requests for cancellation of removal under a different statutory provision. These cases are thus too dissimilar to constitute a settled course of adjudication that would apply to Erazo's case and are factually distinguishable because the non-citizens in these cases

7

were either found to have shown prima facie entitlement or the BIA suggested the applicant was entitled to relief.

Consequently, Erazo has not demonstrated a settled course of adjudication that would permit us to review the BIA's decision denying his motion to reopen sua sponte.[5]

### III

For the foregoing reasons, we will dismiss this petition for lack of jurisdiction.

---

[5] Erazo's reliance on <u>Cruz v. Attorney General</u>, 452 F.3d 240, 250 (3d Cir. 2006), is misplaced. In <u>Cruz</u>, we explicitly declined to decide whether the BIA had established a general policy of reopening cases in situations similar to that of the petitioner, and instead remanded due to ambiguity in the BIA's decision. <u>Id.</u>